**PHILIP J. DINHOFER, LLC**

ATTORNEYS AT LAW
77 N. CENTRE AVE. - SUITE 314
ROCKVILLE CENTRE, NY 11570
TEL: 516-678-3500
FAX: 516-678-4235
E-MAIL: PJDLLC2806@YAHOO.COM

June 12, 2025

**VIA ECF**

Hon. Edgardo Ramos
United States District Judge
United States Courthouse
40 Foley Square
New York, NY 10007

Re:    Suarez v. LIRR, et al.
       22 Civ. 9013 (ER)

> **MEMO ENDORSED**
>
> The Court directs Defendant D&C United
> to respond to the letter (ECF No. 47) by
> June 16, 2025.
>
> SO ORDERED.
>
> Edgardo Ramos, U.S.D.J.
> Dated: June 13, 2025
> New York, New York

Dear Judge Ramos:

Plaintiff Gregory Suarez does herewith move to preclude defendant D&C United from offering any Rule 26(a)(2)(B) expert testimony at the trial to be had in this action. In this regard we consider the extensive discussions had at the May 30, 2025 conference, where the defendant D&C United was directed by you to provide its Rule 26(a)(2)(B) expert witness disclosure by no later than June 6, 2025, as the equivalent of a pre-motion conference on this discovery issue.

Your Honor may recall that the Court's direction to defendant D&C came after we had pointed out that the plaintiff had been examined by the defendant's doctor some 8 months beforehand in September 2024 and still we had not received the defendant's Rule 26(a)(2)(B) disclosure and/or expert's report. Defendant asserted it was waiting to make such tender following the completion of plaintiff's deposition. The frivolity of that argument was readily apparent when we pointed out that plaintiff's deposition had been completed on March 25, 2025, some three months before counsel's argument made at the May 30, 2025 conference, yet still no such Rule 26(a)(2)(B) disclosure was had in the time since. Your Honor directed defendant's prompt tender of its expert witness exchage by no later than July 6, 2025.

After normal work hours on Friday, June 6, 2025 we received several e-mail transmissions with defendant D&C's attempt at compliance with the requirements of Rule 26(a)(2)(B). Defendant proffered two experts; the physician who examined plaintiff, James Kipnis, MD, and an accident reconstructionist, Stephen N. Emolo. Defendant's Rule 26(a)(2)(B) disclosure for Dr. Kipnis (copy attached) says at page 2, paragraph 1, as follows:

> A copy of Dr. Kipnis' fee schedule will be supplemented under separate cover. A list of testimonies for Dr. Kipnis will be supplemented under separate cover.

Defendant's Rule 26(a)(2)(B) disclosure for Mr. Emolo (Copy attached) says at page 1, paragraph 1, as follows:

> A copy of Mr. Emolo's applicable court appearances and testimony will follow under separate cover. Mr. Emolo's fee schedule will follow under separate cover.

Hon. Edgardo Ramos                                                                                    Page 2
June 12, 2025

The following day, on June 7, 2025, plaintiff promptly wrote counsel for defendant D&C, to advise that because of the foregoing deficiencies, which were not in compliance with Rule 26(a)(2)(B), we were rejecting both expert witness tenders, however, we were providing them with the courtesy of an opportunity to come into compliance with the Rule by providing the missing materials by no later than the close of business on June 11, 2025 (copy of letter attached). To date, we have had neither any response from defense counsel for D&C, nor have we received the missing information required of a proper Rule 26(a)(2)(B) disclosure. Accordingly, this motion to preclude follows.

The power of a Court to exercise its discretion and to impose the sanction of preclusion for failing to provide required disclosure is "near automatic." Design Strategy, Inc. v. Davis, 469 F.3d 284, 297 (2nd Cir. 2006). It does not require a showing of bad faith. Id, at 296. The Court need only find that there is no substantial justification and that the failure to disclose is not harmless. Id. at 297.

FRCP Rule 26(a)(2)(B) provides that a proper expert witness disclosure must include amongst other things, the following two items:

> (v) a list of all other cases in which, during the previous 4 years, the witness testified
> as an expert at trial or by deposition; and
>
> (vi) a statement of the compensation to be paid for the study and testimony in the
> case.

These two elements of disclosure that are specifically required by the Rule are presumptively substantial discovery rights afforded to the recipient of such discovery and an adverse party's failure to make such required disclosure cannot be found to be harmless when it is specifically compelled by the FRCP. Moreover, having addressed the very specific issue of the defendant's missing expert witness disclosures only the week before in open Court, the defendant D&C had the opportunity to inform the Court of any problems it had making the requisite rull and complete disclosure mandated by Rule 26(a)(2)(B) and to request that the Court adjust the deadlines for the making of such disclosure, or seek some other alternative remedy as the circumstances may have then warranted. Nonetheless, for reasons known only to themselves, defendant D&C chose to remain silent as to these deficiencies in what can only be perceived as a conscious plan designed to frustrate plaintiff's legitimate discovery rights. That such silence continues and that no excuse (no less a "substantial justification") has been proffered by defendant D&C even after the issue was specifically raised by plaintiff's letter of June 7, 2025, only further reinforces the foregoing conclusion.

As noted by the dates thereon defendant had Dr. Kipness report as of September 2024, and Mr. Emolo's in November of 2024. It seems highly unlikely that either expert failed to bill for providing such report or that defendant was unaware of the cost of each study well before engaging the expert no less within a reasonable time after receipt of each report. Nor does it seem like any great effort beyond a simple phone call for defendant to ascertain their experts costs for trial and/or deposition. Nonetheless, defendant D&C still have not provided this mandated discovery information nor any excuse as to why they have not done so.

In a similar regard, a Westlaw search of caselaw for the name James Kipnis has revealed that in January 2023 he was proffered by this very same defense counsel's law offices as an expert witness before the Eastern District of New York in the matter of Chang Qeu Oh, 21-CV-01042 (RPK)(PK) and as such defense counsel's law firm is presumed to have made an appropriate Rule 26(a)(2)(B)

Hon. Edgardo Ramos                                                              Page 2
June 12, 2025

disclosure that included a list of cases where he had testified. So too we point out that having elected to participate as an expert for hire in an action before a Federal Court, its is the expert's professional responsibility to be aware of its discovery obligations to the Court and parties, and to be fully prepared to meet them. This includes their obligation to provide the requisite list of cases.

Lastly, we note that "Case law establishes that the list of cases in which the witness has testified should at a minimum include the name of the court or administrative agency where the testimony occurred, the names of the parties, the case number, and whether the testimony was given at a deposition or trial. Whalen v. CSX Transportation, Inc., 2016 WL 5660381, at *4 (S.D.N.Y., 2016)(Citations Omitted).

In view of the foregoing, it is clear that defendant D&C's failure to provide an appropriate Rule 26(a)(2)(B) disclosure has prejudiced plaintiff's ability to properly prepare this action for consideration of both deposition and/or trial, no less for plaintiff to make appropriate deliberation of the foregoing within the strict time parameters previously set by the Court. Defendant D&C has been given more than ample time to come forward with all the requisite information constrained by Rule 26(a)(2)(B), they have been in possession of their experts reports in excess of some 7 months and yet they are still incapable of an appropriate disclosure. Defendant D&C's intransigent failure to make a proper Rule 26(a)(2)(B) disclosure remains unexplained, nor have they ever sought the prior approval of the Court for such belatedness.

For all the foregoing reasons, plaintiff respectfully moves the Court for an Order precluding both Dr. James Kipinis and Stephen N. Emolo from testifying as experts at the trial to be had in this action.

Respectfully yours,

*Philip J. Dinhofer*

PHILIP J. DINHOFER
PJD/dd
Encs:
cc:    Andrew Harms, Esq.
       Jedidiah Bernstein, Esq.
       Jacob Goins, Esq.
       Fredric M. Gold, Esq.
       (All Via ECF)

Andrew Harms, Esq.
Lewis, Brisbois, Bisgaard & Smith, LLP
*Attorneys for Defendant D&C UNITED INC.*
77 Water Street, Suite 2100
New York, New York 10005
(212) 232-1300

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

GREGORY SUAREZ and JULISSA SUAREZ,                Civil Action No.  22-CV-09013-ER

                                                  **RULE 26 DISCLOSURE**

                         Plaintiff,

             -against-

THE LONG ISLAND RAILROAD COMPANY,
D & C UNITED INC. and "John Doe Driver"
(Name Fictitious True Name Unknown),


                         Defendants.
----------------------------------------------------------------------- X


**PLEASE TAKE NOTICE**, defendant D&C UNITED INC. by its attorneys LEWIS

BRISBOIS BISGAARD & SMITH LLP pursuant to the Federal Rules of Civil Procedure, Rule

26 and the Rules of Court, hereby submit a response identifying James Kipnis, M.D., as an

expert witness with specialties in orthopedics.  Defendants may call Dr. Kipnis as an expert

witness on the subject of plaintiff's alleged injuries. If called, Dr. Kipnis will testify based upon

his examination of plaintiff, review of the plaintiff's radiology films (including MRI's and x-

rays) and reports, review of medical records, review of pleadings, deposition testimony and other

pertinent documents and records exchanged by plaintiff in discovery pursuant to the Federal

Rules of Civil Procedure.


154771715.1                                1

1.      Dr. Kipnis will testify based upon his report, a copy of which is annexed hereto as **Exhibit "A."**   A copy of Dr. Kipnis' curriculum vitae is annexed hereto as **Exhibit "B."**.   A copy of Dr. Kipnis' fee schedule will be supplemented under separate cover.   A list of testimonies for Dr. Kipnis will be supplemented under separate cover.

2.      Dr. Kipnis will testify based upon his physical examination and interview conducted of plaintiff, review of radiology films, medical records, pleadings and documents exchanged in discovery pursuant to the Federal Rules of Civil Procedure, deposition testimony, trial testimony, information obtained through subpoenas and expert reports, as well as his experience in the fields of orthopedic surgery. Furthermore, Dr. Kipnis' testimony will be based upon accepted treatises, texts, reference guides, studies and generally accepted theories and documents relied upon by experts in his profession. Dr. Kipnis shall also testify on the basis of such additional and further evidence as may be adduced during the course of trial, as well as on the basis of his educational experience and background, work history and expertise in the fields of orthopedics.

3.      Dr. Kipnis is expected to testify and render opinions regarding plaintiff's medical condition with a reasonable degree of medical certainty as set forth in his report annexed hereto and *inter alia* plaintiff's medical history, treatment, testing, medical condition, assessment, alleged disability, treatment received, nature, extent, permanency, diagnosis, employability, and prognosis of plaintiff's injuries. Dr. Kipnis will also offer testimony regarding causation, apportionment and damages. In addition, Dr. Kipnis may also offer rebuttal testimony and opinions concerning the conclusions reached by plaintiff's designated expert(s) and treating physicians, including causation, permanency, disability, past and future medical care and past and future medical costs and its necessity.

4.       Dr. Kipnis is board certified by the American Board Orthopaedic Surgery.  His educational background, academic appointments, society affiliations, honors and positions, and publications are specified within his curriculum vitae.

5.       This disclosure is pursuant to Federal Rule 26 (2)(A)(B) and is not intended to limit the scope or substance of the testimony of any expert called by these defendants at trial. This disclosure should not be considered all encompassing, as expert testimony to be offered by this defendant shall depend, of necessity, upon the issues raised at trial by other experts, physicians and witnesses.

**PLEASE TAKE FURTHER NOTICE**, that defendants reserve the right to supplement this response prior to or at the time of trial.

Dated:   New York, New York
            June 6, 2025

LEWIS BRISBOIS, BISGAARD &  SMITH, LLP

By: *Andrew Harms*

ANDREW D. HARMS
Attorneys for Defendant
D & C  UNITED INC.
77 Water Street, Suite 2100
New York, New York  10005
(212) 232-1300
File No.:  29881.452

TO:
Philip J. Dinhofer
PHILIP J. DINHOFER, LLC.
Attorneys for Plaintiffs
GREGORY SUAREZ and JULISSA SUAREZ
77 N. Centre Avenue- Suite 314
Rockville Centre, New York 11570
(516)  678-3500

Jacob  A. Goins
STEPHEN N. PAPANDON, ESQ.
Acting Vice-President/General Counsel & Secretary
Attorney for Defendant

THE LONG ISLAND RAILROAD COMPANY
Law Dept.- 1143
Jamaica Station
Jamaica, New York 11435
(718) 558-4907
File No.  JN-7207

## <u>CERTIFICATE OF SERVICE</u>

ANDREW D. HARMS, an attorney duly admitted to practice before this Court, certifies that on June 6, 2025, he caused the within **DEFENDANT D & C UNITED INC.'S RULE 26 DISCLOSURE** to be served upon counsel of record at the address set forth above by E-Mail.

Philip J. Dinhofer
PHILIP J. DINHOFER, LLC.
Attorneys for Plaintiffs
GREGORY SUAREZ and JULISSA SUAREZ
77 N. Centre Avenue- Suite 314
Rockville Centre, New York 11570
(516) 678-3500

Jacob A. Goins
STEPHEN N. PAPANDON, ESQ.
Acting Vice-President/General Counsel & Secretary
Attorney for Defendant
THE LONG ISLAND RAILROAD COMPANY
Law Dept.- 1143
Jamaica Station
Jamaica, New York 11435
(718) 558-4907
File No. JN-7207

_Andrew Harms_
**ANDREW. D. HARMS**

154771715.1                                    5

LEWIS BRISBOIS BISGAARD & SMITH LLP

Civil Action No.  22-CV-09013-ER                          File No.:  29881.452

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

GREGORY SUAREZ and JULISSA SUAREZ,

                          Plaintiffs,

              -against-

THE LONG ISLAND RAILROAD COMPANY,
D & C UNITED INC. and "John Doe Driver"
(Name Fictitious True Name Unknown),

                         Defendants.

## DEFENDANT D & C UNITED INC.'S RULE 26 DISCLOSURE

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
*Counsel for Defendant D & C UNITED INC.*

                         *Office Address & Tel. No.:*  77 Water Street, 21ST Floor
                                                  New York, New York 10005
                                                  (212) 232-1300

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.*

                                Signature:  _____

                                Print Signer's Name:  _____

Service of a copy of the within                                              is hereby
admitted.

Dated:

                            Attorney(s) for Defendant

Andrew Harms, Esq.
Lewis, Brisbois, Bisgaard & Smith, LLP
*Attorneys for Defendant D&C UNITED INC.*
77 Water Street, Suite 2100
New York, New York 10005
(212) 232-1300

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

GREGORY SUAREZ and JULISSA SUAREZ,                Civil Action No.  22-CV-09013-ER

                                                          **RULE 26 DISCLOSURE**

                              Plaintiff,

              -against-

THE LONG ISLAND RAILROAD COMPANY,
D & C UNITED INC. and "John Doe Driver"
(Name Fictitious True Name Unknown),

                              Defendants.
----------------------------------------------------------------------- X

     PLEASE TAKE NOTICE, defendant **D & C UNITED INC.** by their attorneys LEWIS

BRISBOIS BISGAARD & SMITH LLP pursuant to the Federal Rules of Civil Procedure, Rule

26 and the Rules of Court, hereby submit a response identifying Stephen N. Emolo, Accident

Reconstructionist, ACTAR #556, as an expert witness with a specialty in accident

reconstruction.

     1.     Mr. Emolo will testify based upon his initial report, a copy of which is annexed

hereto as Exhibit **"A",** along with his supplemental report, a copy of which is annexed hereto as

Exhibit **"B."**  A copy of Mr. Emolo's curriculum vitae is annexed hereto as Exhibit **"C".**  A copy

of Mr. Emolo's applicable court appearances and testimony will follow under separate cover**.**

Mr. Emolo's fee schedule will follow under separate cover.

154771715.1                                         1

2.      Mr. Emolo will testify based upon his examination of the scene of the accident, his review of, pleadings and documents and videos exchanged in discovery, deposition testimonies, trial testimony, information obtained through subpoenas and expert reports, as well as his experience in the field of accident reconstruction. Furthermore, Mr. Emolo's testimony will be based upon accepted treatises, texts, reference guides, studies and generally accepted theories and documents relied upon by experts in his profession. Mr. Emolo shall also testify on the basis of such additional and further evidence as may be adduced during the course of trial, as well as on the basis of his educational experience and background, work history and expertise in the field of accident reconstruction.

3.      In addition, Mr. Emolo may also offer rebuttal testimony and opinions concerning the conclusions reached by plaintiff's designated expert(s).

4.      This disclosure is pursuant to Federal Rule 26 (2)(A)(B) and is not intended to limit the scope or substance of the testimony of any expert called by these defendants at trial. This disclosure should not be considered all encompassing, as expert testimony to be offered by these defendants shall depend, of necessity, upon the issues raised at trial by other experts and witnesses.

**PLEASE TAKE FURTHER NOTICE**, that defendants reserve the right to supplement this response prior to or at the time of trial.

Dated:   New York, New York
         June 6, 2025

LEWIS BRISBOIS, BISGAARD &  SMITH, LLP
By: *Andrew Harms*
     ANDREW D. HARMS
     Attorneys for Defendant
     D & C  UNITED INC.
     77 Water Street, Suite 2100
     New York, New York  10005

(212) 232-1300
File No.: 29881.452

TO:
Philip J. Dinhofer
PHILIP J. DINHOFER, LLC.
Attorneys for Plaintiffs
GREGORY SUAREZ and JULISSA SUAREZ
77 N. Centre Avenue- Suite 314
Rockville Centre, New York 11570
(516) 678-3500

Jacob A. Goins
STEPHEN N. PAPANDON, ESQ.
Acting Vice-President/General Counsel & Secretary
Attorney for Defendant
THE LONG ISLAND RAILROAD COMPANY
Law Dept.- 1143
Jamaica Station
Jamaica, New York 11435
(718) 558-4907
File No. JN-7207

## <u>CERTIFICATE OF SERVICE</u>

       ANDREW D. HARMS, an attorney duly admitted to practice before this Court, certifies that on June 6, 2025, he caused the within **DEFENDANT D & C UNITED INC.'S RULE 26 DISCLOSURE** to be served upon counsel of record at the address set forth above by E-Mail.

Philip J. Dinhofer
PHILIP J. DINHOFER, LLC.
Attorneys for Plaintiffs
GREGORY SUAREZ and JULISSA SUAREZ
77 N. Centre Avenue- Suite 314
Rockville Centre, New York 11570
(516)  678-3500

Jacob  A. Goins
STEPHEN N. PAPANDON, ESQ.
Acting Vice-President/General Counsel & Secretary
Attorney for Defendant
THE LONG ISLAND RAILROAD COMPANY
Law Dept.- 1143
Jamaica Station
Jamaica, New York 11435
(718) 558-4907
File No.  JN-7207

                     *Andrew Harms*
                     **ANDREW. D. HARMS**

LEWIS BRISBOIS BISGAARD & SMITH LLP

Civil Action No.  22-CV-09013-ER                              File No.:  29881.452

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

GREGORY SUAREZ and JULISSA SUAREZ,

                        Plaintiffs,

            -against-

THE LONG ISLAND RAILROAD COMPANY,
D & C UNITED INC. and "John Doe Driver"
(Name Fictitious True Name Unknown),

                        Defendants.

## DEFENDANT D & C UNITED INC.'S RULE 26 DISCLOSURE

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
*Counsel for Defendant D & C UNITED INC.*

                    *Office Address & Tel. No.:*  77 Water Street, 21ST Floor
                                                  New York, New York 10005
                                                  (212) 232-1300

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts*
*of New York State, certifies that, upon information and belief and reasonable inquiry, the*
*contentions contained in the annexed document are not frivolous.*

                            Signature: _____

                            Print Signer's Name: _____

Service of a copy of the within                              is hereby
admitted.

Dated:

                    Attorney(s) for Defendant

# PHILIP J. DINHOFER, LLC

ATTORNEYS AT LAW
77 N. CENTRE AVE. - SUITE 314
ROCKVILLE CENTRE, NY 11570
TEL: 516-678-3500
FAX: 516-678-4235
E-MAIL: PJDLLC2806@YAHOO.COM

June 7, 2025

Via E-Mail: andrew.harms@lewisbrisbois.com

Andrew Harms, Esq.
LEWIS, BRISBOIS, ET AL.
77 Water Street, 21st Floor
New York, NY 10005

Re:    Suarez v. LIRR

Deare Mr. Harms:

Kindly be advised that I am in receipt of your Rule 26(a)(2)(B) medical and accident reconstruction expert witness tenders served in the late afternoon and early evening of Friday, June 6, 2025 via e-mail after normal business hours.

As your various responses admit, neither experts' fee information, nor a list of cases where each has testified within the past four years have been supplied. As such your Rule 26(a)(2)(B) tender is rejected as deficient. Inasmuch as these expert materials were both had in September and November of 2024, the passing of some 7-9 months time since the time of these reports obviates any rational excuse for this deficiency in your tender.

Plaintiff is clearly prejudiced by your deficient tenders and our ability to evaluate whether or not we desire to take the deposition of either expert is severely compromised by your inappropriate tender. In view of the foregoing, and the Court's prior rulings, inasmuch as you are now past the Court's deadline for such disclosure and are cutting into plaintiff's deliberation time, kindly be advised that unless I am in receipt of the missing information required of your Rule 26(a)(2)(B) tenders before the close of business on Wednesday, June 11, 2025, I will have no alternative but to move the Court for an order precluding each expert from serving as an expert in this action and from testifying at the trial to be had herein.

Very truly yours,

*Philip J. Dinhofer*

PHILIP J. DINHOFER
PJD/dd
cc:    Fredric M. Gold, Esq.
       Jacob Goins, Esq.
       Garrett P. Rooney, Esq.
       (All Via E-Mail)