

**LEWIS BRISBOIS**
LEWIS BRISBOIS BISGAARD & SMITH LLP

Andrew Harms
77 Water Street, Suite 2100
New York, New York 10005
Andrew.Harms@lewisbrisbois.com
Direct: 646.783.1723

July 31, 2025

29881.452

> **MEMO ENDORSED**
> A telephonic pre-motion conference will be held on August 6, 2025, at 2:30 PM. The parties are instructed to call (855) 244-8681; enter access code 2301 087 7354#; and enter # again when asked to enter the attendee ID number. The parties are further instructed to join the call five (5) minutes prior to the conferences start time.
> SO ORDERED.
>
> Edgardo Ramos, U.S.D.J.
> Dated: August 1, 2025
> New York, New York

**VIA ECF**
Hon. Edgardo Ramos
United States District Judge
United States Courthouse
40 Foley Square
New York, NY 10007

Re:   Suarez v. LIRR, et. al.   &   Jordan v. LIRR, et. al.
      22 Civ. 9013 (ER)              22 Civ. 7771 (ER)

Dear Judge Ramos:

We represent defendant D&C United. Plaintiff's counsel indicates that D&C's truck and, by extension, former employee Abel Guzman was involved in their alleged incident, however this fact remains far from established. Below are pictures of D&C United's truck bearing NY license plate 58599 MM that plaintiff Gregory Suarez identified in an MV-104 report as striking their LIRR vehicle and fleeing the scene.[1]



Shown these pictures, both plaintiffs testified that this was <u>not</u> the truck that struck them on July 23, 2021. Lionel Jordan testified ". . . the truck [that] hit us, it was a little taller and shorter, and

---

[1] Plaintiffs never called the police. Suarez created the MV-104 report with only a license plate. *See*, Exh. A.

ARIZONA • CALIFORNIA • COLORADO • CONNECTICUT • DELAWARE • FLORIDA • GEORGIA • ILLINOIS • INDIANA • KANSAS • KENTUCKY • LOUISIANA
MARYLAND • MASSACHUSETTS • MINNESOTA • MISSISSIPPI • MISSOURI • NEVADA • NEW JERSEY • NEW MEXICO • NEW YORK • NORTH CAROLINA
OHIO • OREGON • PENNSYLVANIA • RHODE ISLAND • TENNESSEE • TEXAS • UTAH • VIRGINIA • WASHINGTON • WASHINGTON D.C. • WEST VIRGINIA
160857040.1

old.  This one looks like longer and shorter, and new.  Exact opposite."  (Exhibit B, Jordan EBT, pg. 154.)  Mr. Suarez testified:

> Q. The vehicle that was involved in the accident, was more yellowish?
> A. Yellowish, correct.
> Q. And it had faded FedEx decals on the side that says FedEx?
> A. Correct.

*See,* Exh. C Gregory Suarez EBT pgs. 161 – 164; *See also,* Exh. B, Lionel Jordan EBT pgs. 147 – 150.

According to D&C owner Andrew Edwards, Guzman was the regular driver of that truck in July 2021.  *See,* Exhibit D, Edwards EBT, pg. 71 – 73.  D&C has additional evidence to prove its vehicle was not involved in plaintiff's incident, for example, no records showing the vehicle sensor system was triggered, an accident reconstructionist expert report showing the potential points of impact between the two vehicles do not match up (plaintiff is not serving a rebuttal expert report), D&C's lack of vehicle repair records, and so forth.

Mr. Guzman's likely non-involvement notwithstanding, this office has made substantial efforts to produce him as a former employee non-party witness.  Unfortunately, Mr. Guzman did not appear for his scheduled deposition on April 8, 2025, as we articulated to the Court at the last conference.  There is nothing "sophomoric" or "puerile" in this office's defense of D&C, and its attempts to produce Mr. Guzman.  Plaintiff's decision to commence a state court action instead of moving to add Mr. Guzman as a defendant to this case (for which he was granted leave by this court, but never did) creates the dynamics at play which plaintiff's counsel now seeks to exploit.  *See*, Exh. E, Andrew Bridgewater's January 14, 2025 e-mail.

Over the past few days, Mr. Guzman indicated to us (again) that he would appear for his deposition.  We request that the deposition be ordered to be held in the Bronx close to where he lives, not in Rockville Center, Long Island which is 25 miles away and, with traffic, takes more than an hour to drive.

Please note, Second Circuit caselaw for holding a non-party in contempt requires "a de novo hearing at which the issues of fact and credibility determinations are to be made . . ." Bowens v. Atl. Maint. Corp., 546 F. Supp. 2d 55, 71 (E.D.N.Y. 2008).  Moreover, federal courts look to state law to determine whether a default judgment against an employee imposes vicarious liability on the employer. Faughnan v. Big Apple Car Service, 828 F. Supp. 155, 161 (EDNY 1993).  New York state law is clear that the granting of a default judgment against an employee/driver does not preclude the employer from contesting the issue of the employee' negligence. Balanta v. Stanlaine Taxi Corp., 307 A.D.2d 1017 (2d Dept. 2003).  Issuance of a "strong warning" to this office is not warranted

where we have already attempted to produce Mr. Guzman and will continue our efforts in accordance with this court's directive.

### *Defendant's Cross-Motion for discovery*

In addition to opposing plaintiffs' motion to compel Mr. Guzman's testimony, D&C cross-moves for plaintiff's complete discovery responses to their post deposition demand within 10 days. Plaintiff Suarez improperly objected to providing his cell phone records from the date of loss when he testified he called his supervisor immediately after the alleged incident[2], and likewise has withheld names and addresses of people with whom plaintiff spoke about the alleged incident in its aftermath. *See*, defendants' good faith letter. (Exhibit G).

We are available to confer further with the Court and parties as needed.

Respectfully yours,

*Andrew D. Harms*

Andrew D. Harms for
LEWIS BRISBOIS BISGAARD & SMITH, LLP

ADH
Encl.

---

[2] Plaintiff's supervisor cited plaintiff for a company violation of "leaving the scene of an accident before reporting it." *See*, Exhibit F, pgs. 4 – 5.