UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GREGORY SUAREZ and JULISSA SUAREZ,

                    Plaintiffs,

– against –

THE LONG ISLAND RAILROAD COMPANY, D&C UNITED INC., and "John Doe Driver" (Name Fictitious True Name Unknown),

                    Defendants.

**ORDER**

22-cv-09013 (ER)

Ramos, D.J.:

       Defendant D&C United produced the reports of two of its proffered experts—Dr. James Kipnis, the orthopedic physician who examined Lionel Jordan, the Plaintiff in a related pending matter (*Jordan v. Long Island Railroad Company et al*, 22-cv-07771 (ER)), and Stephen N. Emolo, an accident reconstructionist—on June 6, 2025. Doc. 50 at 2. In a letter motion dated June 12, 2025, Gregory Suarez moved for an Order precluding D&C United from offering testimony of those two experts at trial. Doc. 47 at 1. Suarez alleges that Defendant's expert disclosures were deficient, pursuant to FRCP 26(a)(2)(B), for several reasons. Since the filing of Suarez's initial letter motion, the parties have exchanged several letters, and the Court held a pre-motion conference on August 7, 2025 to further discuss these issues.[1] As a result, no issues remain outstanding, but Suarez's letter dated August 8, 2025 emphasizes that expert Dr. Kipnis must disclose his prior testimony before administrative tribunals. Doc. 64 at 1. The parties already discussed

---

[1] On June 16, 2025, Defendant cross-moved for an order requiring Suarez's Rule 26 expert disclosure and an order to compel Suarez and Long Island Rail Road ("LIRR") to respond to defendant's March 26, 2025 demand. Lastly, Defendant cross-moved for an order that LIRR's outstanding fact witness' (Fleet Manager Salvatore Lucchese) deposition be specifically held before September 5, 2025. Doc. 50 at 5. That same day, Plaintiff submitted a letter reply, alleging that this point was moot, as it has no FRCP 26 experts hence Plaintiff would not provide any FRCP 26 disclosure. Doc. 51 at 3.

providing these disclosures, along with the docket/index number for each case, for Mr. Emolo at the pre-motion conference and via their letters, but for the avoidance of doubt, the Court hereby orders D&C to do the same for Dr. Kipnis.

Suarez cites to *Whalen v. CSX Transportation, Inc.* for the proposition that expert trial testimony reports must include, at a minimum, "the name of the court or administrative agency where the testimony occurred, the names of the parties, the case number, and whether the testimony was given at a deposition or trial," or both. No. 13-cv-3784 (LGS) (HBP), 2016 WL 5660381, at *4 (S.D.N.Y. Sept. 29, 2016); *see also* FRCP Rule 26(a)(2)(B)(v)–(vi) (proper expert witness disclosure must include, among other things: a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition and a statement of the compensation to be paid for the study and testimony in the case). Defendant D&C United alleges that it already provided such disclosures for its accident reconstructionist expert, Mr. Emolo, as well as fee schedule and trial and deposition testimony lists for Dr. Kipnis, excluding his appearances before the Workers Compensation Board. Doc. 50 at 4.

Accordingly, to the extent Defendant has not yet provided the relevant disclosures for Dr. Kipnis' prior testimony before administrative tribunals—excluding Workers' Compensation proceedings which are not considered to be public proceedings and are therefore protected by HIPPA—Defendant is hereby ordered to provide a list of the relevant matters, along with the docket/index number for each case.

The Clerk of Court is respectfully directed to terminate the letter motions, Docs. 47, 50, and 52.

It is SO ORDERED.

Dated:   August 13, 2025
         New York, New York

                                                          _____
                                                          EDGARDO RAMOS, U.S.D.J.

2